**In re the Petition for DISCIPLINARY ACTION AGAINST Thornton P. ANDERSON, an Attorney at Law of the State of Minnesota.**

**No. C6–92–1241.**

Supreme Court of Minnesota.

Dec. 28, 1992.

### ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition with this Court alleging that the respondent Thornton P. Anderson had committed professional misconduct warranting public discipline. In the petition, the Director alleges that in July 1991, respondent and a client entered into an agreement to allow respondent to take over day-to-day management of the client's business, Al's Cartage; that respondent advised the client of his potential conflict of interest in entering into the agreement, and the client obtained separate counsel for the transaction; that Al's Cartage had over $30,000 in unpaid tax obligations, largely incurred before July 1991; that, in October 1991, the client obtained a $30,000 loan, secured by a mortgage on her home, out of which the client agreed to apply approximately $20,000 to Al's Cartage's taxes; that the client did not obtain separate counsel for the loan transaction but had respondent handle all the

arrangements for the loan; that, upon depositing the loan proceeds into his trust account, respondent issued a check for $18,250 to the IRS as payment on Al's tax obligation and issued a check for $10,000 to his client; that respondent thereafter repeatedly asked his client to allow him to use the $10,000 to make further payments to the IRS on behalf of Al's Cartage; that the client refused to turn over the $10,000; that, when respondent learned a few weeks later that his client had not yet negotiated the $10,000 check, respondent issued a check to the IRS for $5,895.51, to pay Al's Cartage's third quarter withholding taxes; that, although respondent thereafter deposited additional funds into his trust account which he states were business funds belonging to Al's Cartage, the deposit was insufficient to cover both the $10,000 check to respondent's client and the check to the IRS; and that respondent did not begin to make restitution of the $10,000 owing his client until after the client initiated civil litigation against respondent for conversion and misappropriation of funds. The Director also alleges that respondent failed to maintain proper trust account books, and that he falsely certified to this court on his attorney registration form for several years that he properly maintained such books.

After the petition in this matter had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer filed herein and admitted the allegations of the petition, except that respondent stated that he now has made full restitution to his client. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 30–day suspension. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The terms of the parties' stipulation notwithstanding, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(9), Rules on Lawyers Professional Responsibility, thereby making any disposition it deems appropriate. Accordingly, the Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Thornton P. Anderson, hereby is publicly reprimanded, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

YETKA, J., took no part.