In re Petition for **DISCIPLINARY ACTION AGAINST Thornton P. ANDERSON, an Attorney at Law of the State of Minnesota.**

No. C6–92–1241.

Supreme Court of Minnesota.

April 3, 2000.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Thornton P. Anderson has committed professional misconduct warranting public discipline, namely, respondent has failed to make reasonable efforts to pay or make payments on a valid law-related judgment in favor of a client, arising out of the same facts as a prior disciplinary matter in violation of Rule 8.4(d), Minnesota Rules of Professional Conduct. *See In re Anderson,* 494 N.W.2d 260 (Minn.1992).

Respondent admits his conduct has violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and two years of unsupervised probation subject to the following conditions:

(1) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate fully with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(2) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(3) Respondent shall make monthly payments of at least $50 to the client on the judgment she has against respondent. Respondent shall provide proof to the Director's Office of each monthly payment.

(4) Respondent shall make affirmative efforts to (a) increase the amount of the monthly payments to the client and/or (b) obtain financing to either make a lump sum payment to the client on the judgment or to make a complete settlement offer in satisfaction of the judgment. Respondent shall provide the Director's Office with proof of his efforts at least every three months during the period of probation. In the event that the parties settle, evidenced by a copy of a satisfaction of judgment supplied to the Director's Office, respondent's reporting obligations shall be terminated.

(5) Respondent agrees that if at the end of the two-year period of probation the judgment has not been completely satisfied, the Director, upon motion to the Court and without need for a petition for disciplinary action, may request the Court to extend respondent's probation for an additional period of two years, again subject to the other conditions set out above.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Thornton P. Anderson is publicly reprimanded and placed on two years of unsupervised probation, subject to the agreed-upon conditions set forth above.

BY THE COURT:

Alan C. Page

Alan C. Page

Associate Justice