**In re Petition for Disciplinary Action Against Thornton P. ANDERSON, an Attorney at Law of the State of Minnesota.**

No. C6–92–1241.

Supreme Court of Minnesota.

April 19, 2002.

### ORDER

PAUL H. ANDERSON, Associate Justice.

On April 3, 2000, the court placed respondent Thornton P. Anderson on unsupervised probation for two years for failing to pay a law-related judgment in favor of a client. *In re Anderson,* 608 N.W.2d 860, 860–61 (Minn.2000). The order required respondent to make monthly payments to the client and provided that if the judgment was not satisfied within two years, the Director of the Office of Lawyers' Professional Responsibility could move for a two-year extension of probation.

The Director has filed a motion for extension of probation because, although respondent has been making payments on the law-related judgment, the judgment has not been satisfied. Respondent has not filed a response to the motion.

IT IS HEREBY ORDERED that respondent shall remain on supervised probation for an additional two years subject to the following conditions:

(1) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate fully with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(2) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(3) Respondent shall make monthly payments of at least $75 to the client on the judgment she has against respondent. Respondent shall provide proof to the Director's Office of each monthly payment.

(4) Respondent shall make affirmative efforts to (a) increase the amount of the monthly payments to the client and/or (b) obtain financing to either make a lump sum payment to the client on the judgment or to make a complete settlement offer in satisfaction of the judgment. Respondent shall provide the Director's Office with proof of his efforts at least every three months during the period of probation. In the event that the parties settle, evidenced by a copy of a satisfaction of judgment supplied to the Director's Office, respondent's reporting obligations shall be terminated.

(5) If at the end of the two-year extension of probation the judgment has not been completely satisfied, the Director, upon motion to the Court and without need for a petition for disciplinary action, may request the Court to extend respondent's probation for an additional period of two years, again subject to the other conditions set out above.